IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| William David Wilson, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **1:11cv645 (TSE/TCB)** |
| | ) | |
| Eric D. Wilson, | ) | |
|     Respondent. | ) | |

## MEMORANDUM OPINION

William David Wilson, a federal inmate housed in the Eastern District of Virginia and

proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241,

challenging the validity of his sentence following his conviction in the United States District

Court for the Eastern District of North Carolina.   Specifically, petitioner argues that his sentence

guideline computation was incorrect because it relied, in part, on a criminal conviction of which

he was factually innocent.   Petitioner concedes that he previously filed several 28 U.S.C. § 2255

motions to vacate, all of which were denied.   Petitioner also acknowledges that he cannot file a

successive § 2255 motion without prior authorization from the Fourth Circuit Court of Appeals.

Nevertheless, petitioner argues that his claims are asserted properly in a § 2241 petition pursuant

to the § 2255 savings clause.

On September 12, 2011, respondent filed a Motion to Dismiss along with a supporting

memorandum and exhibits.   Petitioner was given the opportunity to file responsive materials,

pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a reply.

Accordingly, this matter is now ripe for disposition.   For the reasons that follow, respondent's

Motion to Dismiss must be granted, and the petition must be dismissed.

## I. Background

In 1995, following a jury trial, petitioner was convicted of conspiracy to possess with intent to distribute cocaine base and of aiding and abetting the use of a firearm during and in relation to a drug trafficking crime. See 18 U.S.C. §§ 2, 924(c)(1); 21 U.S.C. § 846; Gov't Ex. 1, ECF No. 13-1. On June 20, 1995, the United States District Court for the Eastern District of North Carolina sentenced petitioner to 300 months' imprisonment for the conspiracy offense and a consecutive term of 60 months' imprisonment for the firearm offense, for a total sentence of 360 months incarceration.

In arriving at the 300 month sentence for the drug offense,[1] the district court relied upon Wilson's presentence report, which contained a computation of the appropriate sentencing range under the then mandatory federal sentencing guidelines. See United States v. Booker, 543 U.S. 220 (2005); see also Presentencing Report ("PSR"), ECF No. 10. The PSR contained Wilson's prior criminal convictions, one of which was a state misdemeanor for driving without a license. Id. at 8. Based on Wilson's past criminal history, including the driving without a license charge, he was classified as an offender with a level III criminal history, which resulted in a sentencing guidelines range of 292-365 months' imprisonment. Id. at 9. The district court sentenced Wilson to 300 months, near the low end of the guidelines range. At the sentencing hearing, Wilson raised four objections to the presentence report. Notably, none of the objections concerned the validity of the driving without a license charge. See PSR Addendum, ECF No. 10 at 15-16; see also Tr. Sentencing Hr'g., Gov't Ex. 2, ECF No. 13-1.

Wilson's conviction was affirmed on appeal. United States v. Wilson, 135 F.3d 291 (4th

---

[1] The consecutive 60-month term for the firearm offense is mandated by statute and irrelevant to the issue in habeas petition presently before the Court. 18 U.S.C. § 924(c)(1).

Cir. 1998).   Wilson then filed the first of several 28 U.S.C. § 2255 Motions to Vacate in the

United States District Court of the Eastern District of North Carolina.   The motion was denied

on January 21, 1999, <u>United States v. Wilson</u>, CA 98-551-5-BO (E.D.N.C. Jan. 21, 1999), and

the denial was affirmed on appeal.   <u>United States v. Wilson</u>, 178 F.3d 1288 (4th Cir. 1999).

Over the years, petitioner has filed several additional post-conviction motions, raising various

grounds for relief.   <u>See</u> <u>e.g.</u>, <u>United States v. Wilson</u>, 377 Fed. App'x 282 (4th Cir. 2010)

(unpublished) (denying motion for sentence reduction under 18 U.S.C. § 3582(c)); <u>United States</u>

<u>v. Wilson</u>, 262 Fed. App'x 529, 530 (4th Cir. 2008) (unpublished) (denying certificate of

appealability and leave to file a successive § 2255 motion); <u>In re Wilson</u>, No. 02-154, Order (4th

Cir. Apr. 22, 2002) (denying authorization to file a successive § 2255 motion); <u>see</u> <u>also</u> Pet. at

2-3, ECF No. 1 (recounting at least six separate and unsuccessful applications for post-conviction

relief).

On March 21, 2011, Wilson filed yet another application for post-conviction relief in the

Fourth Circuit Court of Appeals.   Pursuant to 28 U.S.C. § 2244, Wilson sought leave to file a

second or successive § 2255 motion.   <u>In re Wilson</u>, No. 11-144.   Wilson argued, for the first

time, that he was actually innocent of the state driving without a license misdemeanor contained

in the PSR.   Wilson asserted that the state misdemeanor conviction had recently been vacated,

and if it were properly excluded from the PSR he would have received a lower recommended

sentence of imprisonment under the sentencing guidelines.   <u>Id.</u> at Dkt. 4.   On April 8, 2011, the

Fourth Circuit summarily denied Wilson's § 2244 application.   <u>In re Wilson</u>, No.

3:94-cr-0065-BO-12 (4th Cir. Apr. 8, 2011); Gov't Ex. 4, ECF No. 13-1.

On June 16, 2011, Wilson filed the instant federal habeas petition pursuant to 28 U.S.C. §

2241, raising the same argument he raised in the March 21, 2011, § 2444 application.   The thrust

of Wilson's argument is that the inclusion of the now vacated driving without a license

conviction erroneously elevated his criminal offense history from a level II to a level III.

Consequently, Wilson contends that the applicable sentencing guideline range increased from a

range of 262 to 327 months' imprisonment to a range of 292 to 365 months' imprisonment.   Pet.

at 12-13, ECF No. 1.

Furthermore, Wilson contends that he did not raise the argument regarding the driving

without a license conviction in a previous § 2255 motion because he did not become aware of the

factual predicate underlying the claim until April 3, 2010.   Wilson alleges that on April 3, 2010,

he spoke with his cousin Jermaine Strange for the first time since 1991.   Id. at 10.   Strange

informed Wilson that on May 17, 1992 he was subjected to a traffic stop.   Id.   Strange told the

officer that he did not have his license with him, but he gave the officer Wilson's name and date

of birth.   Id.   The officer issued a citation to Strange in the name of William David Wilson for

driving on a revoked license.   Id.   On June 25, 1992, Strange, still acting as Wilson, appeared at

the Cumberland County District Court before Judge John Hair and pled guilty to the charge of

driving while license revoked and paid an ordered fine.   Id.

Once Wilson obtained this information from Strange he successfully challenged his state

court conviction, and on March 9, 2011, the Cumberland County District Court vacated Wilson's

conviction for driving without a license.   Id. at 10; see also id. at 17-18 (order vacating

conviction).   Wilson concedes that at the time of sentencing he was aware that the driving

without a license charge was listed in PSR and that it was one of the reasons that he was

classified as an offender with a level III criminal history.   Id. at 9-10.   Wilson also admits that at

the time of sentencing he "knew he did not commit that offense." Id. at 9.   However, Wilson

remains steadfast in his contention that he could not raise an objection to the charge in a previous

§ 2255 motion because the claim remained factually unripe until he spoke with his cousin on

April 3, 2010.  Id. at 9-10.

## II. Analysis

Generally, a 28 U.S.C. § 2255 motion to vacate is the exclusive remedy for testing the

validity of federal criminal judgments and sentences.   An exception to this general rule is

appropriate only when the remedy of § 2255 would be "inadequate" or "ineffective" to test the

legality of the petitioner's detention.   In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).   This

"inadequate and ineffective" exception is known as the "savings clause" to limitations imposed

by § 2255.  Id.   The Fourth Circuit has held that § 2255 is inadequate and ineffective to test the

legality of detention only when:

> (1) at the time of the conviction, settled law of this circuit or the
> Supreme Court established the legality of the conviction; (2)
> subsequent to the prisoner's direct appeal and first § 2255 motion,
> the substantive law changed such that the conduct of which the
> prisoner was convicted is deemed not to be criminal; and (3) the
> prisoner cannot satisfy the gatekeeping provisions of § 2255
> because the new rule is not one of constitutional law.

Id. at 333-34.

Moreover, § 2255 is not inadequate or ineffective "merely because an individual has been

unable to obtain relief under that provision . . . . or because an individual is procedurally barred

from filing a § 2255 motion." In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

Here, petitioner fails to establish that he is entitled to relief pursuant to the savings clause.

Initially, it must be noted that the Fourth Circuit "has . . . not extended the reach of the savings

clause to those petitioners challenging only their sentences." United States v. Poole, 531 F.3d

263 n.7 (4th Cir. 2008).   In Poole, the Fourth Circuit noted that In re Jones, 226 F.3d at 333-34,

outlined the circumstances in which § 2255 was inadequate or ineffective to test the legality of an

underlying conviction rather than a sentence.   Poole, 531 F.3d at 263 n.7.   Furthermore, in a

recent unpublished decision, the Fourth Circuit declined to extend savings clause relief to a

petitioner who claimed he was actually innocent of his sentence enhancement, as opposed to

arguing his underlying conviction was invalid, explaining "our cases have confined the § 2255

savings clause to instances of actual innocence of the underlying offense of conviction."   Darden

v. Stephens, No. 10-7496, 2011 WL 1625094 (4th Cir. Apr. 29, 2011) (relying on In re Jones and

Poole).   Petitioner in this case challenges only the validity of his sentence and not the legality of

his underlying conviction.   Accordingly, because the Fourth Circuit has thus far declined to

extend the scope of the savings clause to such claims, petitioner cannot establish that the petition

is properly filed under § 2241.[2]

Moreover, even assuming the savings clause did apply to sentence challenges, petitioner

---

[2] Although the Fourth Circuit has yet to extend savings clause relief to sentencing challenges, the
government admits that such relief may not be foreclosed in all circumstances.   Specifically, the
government states "[i]t is the position of the United States that the savings clause permits a §
2241 petition for a sentencing error where the error resulted in a sentence above the statutory
maximum for the crime of conviction; but savings clause relief is foreclosed for an erroneous
sentence within the statutory maximum, even if the sentence was imposed pursuant to a
mandatory guidelines regime."   Mem. in Supp. of Mot. to Dismiss at 10 n.7, ECF No. 13 (citing
Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011)).   In this case, the government
explains that Wilson does not fall within this narrow exception because his sentence is well
below the statutory maximum of life imprisonment.   See 21 U.S.C. § 841(b)(1)(A); PSR at 1.
Moreover, Wilson's sentence of 300 months' imprisonment is also within what he contends
would have been the "correct" sentencing range had the driving without a license conviction not
been included in the PSR.   Mem. in Supp. of Mot. to Dismiss. at 10 n.7, see also Pet. at 12, ECF
No. 1 (noting that the "correct" sentencing guideline range would have been 262-327 months'
imprisonment as opposed to 292-365 months' imprisonment).

himself concedes that he cannot meet the three-prong savings clause analysis set forth in In re Jones, 226 F3d. at 333-34.  Pet. at 4, ECF No. 1.  Specifically, Wilson cannot meet prong (2) of the analysis because he cannot demonstrate that subsequent to his direct appeal and first § 2255 motion, the substantive law governing his conviction changed.  Id.  For this additional reason, Wilson fails to establish he is entitled to savings clause relief and that his petition is properly filed under § 2241.

Because the savings clause is inapplicable to petitioner's claim, the instant petition is not properly filed pursuant to 28 U.S.C. § 2241.  Accordingly, it must be construed as a motion for relief under § 2255.  As it is successive, this Court lacks jurisdiction to entertain the motion unless certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals. Because no such certification has been granted, this petition must be dismissed and respondent's Motion to Dismiss must be granted. [3]  The petition will be dismissed without prejudice to petitioner's right to move a panel of the United States Court of Appeals for the Fourth Circuit for an order authorizing this Court to consider a second or successive § 2255.

### III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted and the petition must be dismissed.  An appropriate Order shall issue.

Entered this ___12th___ day of ___April___ 2012.

/s/

T. S. Ellis, III
United States District Judge

Alexandria, Virginia

---

[3] It should also be noted that respondent makes additional persuasive arguments regarding petitioner's procedural default and the underlying merits of petitioner's claim.  However, because the Court lacks jurisdiction to consider the instant petition, it must likewise refrain from discussing the merits of petitioner's claim.